*E-filed 7/25/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE WEAVER, | No. C 14-2929 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL;** |
| v. | **ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| WARDEN GREG LEWIS, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983. A review of the complaint under 28 U.S.C. § 1915A(a) shows that the claims are frivolous. Accordingly, the action is DISMISSED with prejudice.

## DISCUSSION

**A.   Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Dismissal is appropriate when the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). Dismissal under § 1915 for

frivolousness prior to service is appropriate where no legal interest is implicated, i.e., where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), "a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one," *Williams*, 490 U.S. at 327. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Disposition**

Plaintiff claims that he has not received his shaving razors on some days. It is clear that such claims are frivolous and that relief could not be granted under any set of facts that could be proved consistent with the allegations. *Hishon*, 467 U.S. at 73. The claims are DISMISSED with prejudice. Plaintiff's application for leave to proceed *in forma pauperis* (Docket No. 3) is DENIED because the action is frivolous. *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). The Clerk shall terminate Docket No. 3, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: July 25, 2014

_____
RICHARD SEEBORG
United States District Judge